**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4814**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellant,

      v.

JOHN P. AMAN,

             Defendant - Appellee.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Frederick P. Stamp, Jr., Senior District Judge. (1:14-cr-00003-FPS-JSK-1)

───────────

Submitted: June 16, 2015              Decided: July 7, 2015

───────────

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellant. John P. Aman, Appellee Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John P. Aman pled guilty to one count of bank fraud. The district court sentenced Aman to 21 months' imprisonment and ordered him to pay restitution to Freedom Bank and Everest National Insurance Company. The district court declined to issue restitution in favor of other entities, ruling that their failure to file a declaration of loss statement precluded a restitution award to those entities. The Government noted an appeal, challenging the restitution order.[1] Because the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A(a)(1), (c)(1) (2012), does not condition restitution upon the filing of a statement of loss, we vacate the restitution order and remand for further proceedings.[2]

From October 2002 to November 2006, Aman, using the power of attorney given him by Pete Olean, obtained several loans from Huntington Bank and from West Union Bank under Olean's name and using Olean's stock as collateral. In 2007, Aman took out two loans from Freedom Bank, in the amounts of $114,258 and $245,000. The proceeds of these loans were used to pay off the Huntington Bank and West Union Bank loans, and to pay Aman's personal

---

[1] Aman expressly declined counsel on appeal and has not filed a brief.

[2] The parties have not raised any challenges to Aman's conviction and sentence.

2

expenses. The Freedom Bank loans were also in Olean's name and Aman used Olean's stock as collateral.

In April 2009, Aman defaulted on the Freedom Bank loans and Freedom Bank sold the collateral for $372,164, in partial satisfaction of the outstanding debt. The balance due after the sale of the collateral was $49,021.97.

After Olean discovered that Aman had taken out the loans at Freedom Bank, he filed a civil action against Huntington, West Union, and Freedom Banks alleging fraud and negligence in relation to Aman's use of his power of attorney and the banks' issuance of loans. The parties settled this lawsuit for $300,000, with Freedom Bank agreeing to pay Olean $83,333.33, and the other two banks splitting the balance.

Aman was indicted on 11 counts of bank fraud, 18 U.S.C. § 1344 (2012), in connection with his use of Pete Olean's power of attorney to obtain loans from Huntington, West Union, and Freedom Banks. He pled guilty to Count Ten, which alleged that he submitted a fraudulent loan application in the amount of $245,000 to Freedom Bank.

The probation officer identified as victims of Aman's offense, the estate of Pete Olean and all three banks. However, the probation officer noted that not all of the victims had returned declaration of loss forms and therefore restitution amounts were not computed. For purposes of restitution, the

3

Government asserted that Olean's estate and the three banks were all victims of the offense.

The district court noted that only Freedom Bank had filed a loss declaration, and therefore it was the only identified victim. The court reasoned that a victim who did not submit a loss declaration "may be precluded" from any restitution award.

After hearing argument from the Government as to why the other banks and Olean's estate were victims for restitution purposes, the court awarded $49,021.97 in restitution to Freedom Bank and $83,333.33—the amount of the settlement payment from Freedom Bank—to Everest National Insurance Company, Freedom's insurer, which was identified on the loss declaration submitted by Freedom. On appeal, the Government contends that the district court erred by refusing to consider restitution for victims who has not filed proofs of loss and by denying the Government the opportunity to present evidence in support of restitution amounts for the banks and the estate of Pete Olean.

The MVRA requires the district court to order restitution for all losses that result to all victims of a criminal scheme or conspiracy. 18 U.S.C. § 3663A(a)(1), (c)(1) (2012). The court must award restitution where the defendant is convicted of an offense against property and the victim suffers pecuniary loss. 18 U.S.C. § 3663A(c)(1) (2012). Restitution must include both the victim's "expenses incurred during participation in the

4

investigation or prosecution of the offense" and the value of any stolen property (if return of the property "is impossible, impracticable, or inadequate"). § 3663A(b)(1)(B), (b)(4). The Government bears the burden of establishing by the preponderance of the evidence the status of a victim and the amount of the restitution. 18 U.S.C. § 3664(e) (2012); United States v. Freeman, 741 F.3d 426, 435 (4th Cir. 2014).

Contrary to the ruling by the district court, the MVRA does not require victims to submit a proof of loss form as a condition of receiving a restitution award. While the statute provides that probation officers must notify victims of the "opportunity" to submit information concerning loss and restitution, 18 U.S.C. § 3664(d)(2)(A)(iii), (vi) (2012), the filing of such information is not a condition precedent to a restitution award. Rather, the award of restitution to victims is mandatory. See United States v. Newsome, 322 F.3d 328, 341 (4th Cir. 2003) ("MVRA requires that the court enter an order of full restitution when the loss is caused by a property offense.") (emphasis in original). In fact, the victim is "not required to participate in any phase of a restitution order." 18 U.S.C. § 3664(g)(1) (2012); United States v. Speakman, 594 F.3d 1165, 1176 (10th Cir. 2010). Indeed, the Government—not the victim—bears the burden of proving that a victim is entitled to restitution and the amount of the restitution due. 18 U.S.C. § 3664(e).

Because restitution is mandatory without regard to a statement or proof submitted by victims of the offense, see Speakman, 594 F.3d at 1178 (providing that court cannot conclude that victim renounced restitution without a clear statement to that effect by the victim); see also United States v. Curran, 525 F.3d 74, 84 (1st Cir. 2008) (stating that MVRA "provides for mandatory restitution regardless of the preference of the victims"), we conclude that the district court erred by requiring a declaration of loss statement as a condition to an award of restitution. Accordingly, we vacate the restitution portion of Aman's criminal judgment and remand to the district court for further proceedings. On remand, after affording the Government the opportunity to present evidence, the district court is directed to consider whether Huntington Bank, West Union Bank, and the estate of Pete Olean qualify as victims of Aman's offense of conviction and the amount, if any, of restitution due to each of them. See 18 U.S.C. § 3664(e); U.S. Sentencing Guidelines Manual § 6A1.3, p.s. (2013) ("When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor."). We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>
